916 A.2d 437

IN THE MATTER OF MICHAEL LEE BLOCK, AN ATTORNEY
AT LAW (ATTORNEY NO. 035591990).

February 23, 2007.

### ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–258, concluding that **MICHAEL LEE BLOCK** of **VOORHEES**, who was admitted to the bar of this State in 1990, should be suspended from the practice of law for a period of one year for unethical conduct in fourteen matters, including violations of *RPC* 1.3(lack of diligence), *RPC* 1.4(a)(failure to keep client reasonably informed), *RPC* 1.5(b)(failure to provide a writing setting forth the basis or rate of the fee), *RPC*

1.8(e)(providing financial assistance to a client in connection with pending litigation), *RPC* 1.8(h)(2)(settling a potential claim with an unrepresented client or former client without advising the client, in writing, of the desirability of seeking, and giving the client a reasonable opportunity to seek, the advice of independent legal counsel), *RPC* 1.15(a)(failure to hold client funds in a trust account), *RPC* 1.15(b)(failure to promptly deliver funds to a client), *RPC* 1.15(d)(failure to maintain a trust account), *RPC* 1.16(d)(failure to protect a client's interest on termination of the representation by not promptly returning property belonging to the client), *RPC* 1.16(a)(2)(failure to withdraw from the representation if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client), *RPC* 8.1(b)(failure to cooperate with disciplinary authorities) and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law and on that on reinstatement, he should practice under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **MICHAEL LEE BLOCK** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective March 21, 2007; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC*

8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics, and it is further

ORDERED that on reinstatement to practice respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.